THE FARMERS' AND MERCHANTS' BANK OF MEMPHIS, Plaintiff in Error, *vs.* LONERGAN'S ADM'X, Defendant in Error.

1. It is error to admit evidence of the contents of books in the possession of the adverse party, no notice having been given to produce them.
2. It is competent for one partner to waive the necessity of demand and notice upon a bill drawn in the course of the partnership business, without special authority for that purpose.

### Error to St. Louis Circuit Court.

This was a demand presented for allowance in the Probate Court, against the estate of Kennedy Lonergan, founded upon a bill of exchange dated April 22, 1847, drawn by said Lonergan upon William O. Lofland, and accepted by him, payable to the order of William Clark, and claimed to have been endorsed to the plaintiff. On the back of the bill was the signature, "William Clark," over which were written the words, "I hereby waive demand and notice, 15th July, 1847," which latter words were testified by a witness for the defendant to have been erased after the date of the presentation of the bill for allowance in the Probate Court. There was also endorsed upon the bill the words, "We waive demand and notice. July 15th,

1847. Lonergan & Clark." All these endorsements were in the handwriting of William Clark.

The defences relied upon at the trial in the Circuit Court, on appeal, were 1st, that the plaintiff had no title to the bill which would enable him to sue, and, 2d, that it never was presented to the acceptor for payment.

Upon the first point, the only evidence offered by the plaintiff, in addition to the endorsement on the back of the bill, was contained in the depositions of Wm. O. Lofland and Richards, the present book-keeper or the bank, who testified that they knew nothing of the purchase of the bill, except that it was entered on the books of the bank on the day of its date, as a bill taken in the regular course of its business. This evidence was objected to by the defendant and excluded, to which the plaintiff excepted. The defendant afterwards read the deposition of Richards, taken in his behalf, in which he testified that it appeared from the books of the bank that the bill was withdrawn on the 10th of November, 1847, by a party who substituted other paper therefor, and that it was afterwards returned and again entered upon the books. This portion of the deposition was objected to by the plaintiff, but permitted to be read, to which an exception was taken. There was a rule of the Circuit Court, requiring all exceptions to depositions, exclusive of those on account of competency and relevancy, to be filed in writing before the trial.

The evidence bearing upon the second ground of defence was as follows : Lofland testified that Lonergan had no funds in his hands at the date of the bill, nor at any time afterwards, and had no right to expect him to take it up ; that he accepted the bill because he had confidence in the parties and believed it would be paid ; that no provision was ever made for the payment, and that it never was presented to him for payment. Other witnesses testified that at the date of the drawing of the bill and of the waiver of demand and notice endorsed upon the back, Lonergan and Clark were partners in a contract to grade and gravel the streets of Memphis ; that they needed large amounts

of money to fulfil the contract ; and that Clark attended to the financial affairs of the partnership ; but there was no other evidence that this bill was drawn for partnership purposes.

The first instruction asked by the plaintiff and refused was as follows :

1. If the jury believe from the evidence that William Clark, an endorser on said bill, by the consent and direction of Lonergan, the drawer, waived the necessity of a presentation of said bill for payment at maturity both for himself and Lonergan, then they ought to find for the plaintiff, if they further believe from the evidence that the bill still remains unpaid.

The first instruction asked by the defendant and given, was as follows :

1. Unless William Clark assigned the bill of exchange given in evidence by the plaintiff, his (Clark's) title to the said bill has not passed from him, and without acquiring that title, the plaintiff cannot maintain this suit.

Other instructions were given to which no exception was taken. There was a verdict for the defendant.

*A. Buckner* (with *Delafield,*) for plaintiff in error. I. The court erred in permitting the defendant to prove entries in the plaintiff's books, 1st, because no notice had been given to produce the books themselves, (Phill. on Ev. p. 338. 1 Johns. Rep. 343,) and 2d, because it was not shown by whom the entries were made. (Cow. & Hill's notes, p. 1159 & 60 and authorities cited.) II. The first instruction given for the defendant was erroneous. A blank endorsement of a bill of exchange conveys a right of action to the holder. (Chitty on Bills, 133, 134, 255 to 287. Bailey on Bills, 123, 124. 3 Kent's Comm. 89, 90. Smith's Mercantile Law, 218.)

*T. Polk*, (with *A. P. & P. B. Garesché,*) for defendant in error. I. The evidence offered by the plaintiff to prove the contents of his own books was properly excluded. They were in his possession and no excuse was offered for the failure to produce them. II. The evidence offered by defendant to prove entries in the plaintiff's books was properly admitted. 1st.

It was in the plaintiff's power to have produced his books. 2d. No objection to the proof of their contents had been made when the deposition was taken, but, on the contrary, the witness was cross-examined on this very subject. 3d. If there was error in admitting the evidence, it did the plaintiff no harm. It had reference to the payment of the bill, and the whole record shows that the defendant did not claim that it had been paid. III. The first instruction asked by plaintiff was properly refused, because there was not a particle of evidence that Lonergan, the drawer of the bill, ever gave consent or direction to Clark to waive demand and notice. IV. The first instruction given for the defendant merely asserts that, unless Clark had assigned the bill, his title thereto had not passed out of him, and that without acquiring that title, the plaintiff could not maintain this suit; and this proposition is maintained to be true beyond all refutation.

SCOTT, Judge, delivered the opinion of the court.

It is evident that this cause was tried in such a way that the judgment cannot be sustained. The plaintiff is a foreign corporation. She attempted to sustain her action by depositions proving the contents of her books. The portion of the depositions containing such testimony, was objected to by the defendant, and it was properly excluded by the court, as the books were not produced, and their absence not accounted for.

The defendant in turn offered depositions, tending to make out a defence, proving a portion of the contents of the same books, without any notice to produce them ; this testimony was objected to by the plaintiff, but her objection was overruled and the deposition allowed to be read.

The conduct of the defendant in taking depositions to prove the contents of the books and failing to give notice to produce them, was well calculated to mislead and deceive the plaintiff. As the plaintiff's depositions proved the contents of the books, and the defendant's did the same thing, and there was no notice to produce them, the plaintiff might well have supposed

that the cause would be tried on this evidence ; and to reject all her testimony, showing the contents of the books, and admit that of the defendant, was violating all the principles of reciprocal justice. The rule which permits the contents of a paper beyond the jurisdiction of the court, to be proved by parol, has nothing to do with this matter.

It is said that by the rule of the court concerning depositions, the exception to the depositions could not be taken at the trial. If the rule excluded the objections of the plaintiff to the defendant's depositions, why did not the same rule exclude the like objections to the plaintiff's depositions ?

The first instruction asked by the plaintiff was properly refused, because it in effect told the jury that the only questions in the cause were, the waiver of the necessity of presentment, and that the bill remained unpaid. This was a suit by an endorsee of a bill of exchange against the administratrix of the drawer. There were no pleadings in the cause. Under such a state of things, every material fact necessary to maintain the action was in issue. It was, therefore, improper to tell the jury, if there was a waiver of demand and notice and the bill was unpaid, that the plaintiff was entitled to a verdict. If the bill was drawn in the course of the partnership business, it was competent for one partner to waive the necessity of a presentment, without any special authority for that purpose.

The first instruction given for the defendant was not in as clear language as it should have been. The word " assigned," when used in reference to the endorsement of a bill of exchange, and as a substitute for the word " endorsed," is equivocal, and may mislead. The instruction should have been put in language that would have clearly raised the point intended to be made by it. If Clark had not, by an endorsement in blank or in full, transferred his interest in the bill, it is clear that the plaintiff could not maintain an action upon it. The words written over the blank endorsement of Clark, if it was such, might have been explained, and it might have been shown that they were placed there by mistake, or through inadver-

tence, and it is a little singular that there was not more evidence in relation to this matter, on the part of the plaintiff, than appears in the bill of exceptions.

It does not appear that there is any controversy as to the law of the other instructions. With the concurrence of the other judges, the judgment will be reversed, and the cause remanded for a new trial to be had therein.