TEMPLE *et al.*, Appellants, v. PRICE *et al.*, Respondents.

1. Where minors institute suit by their father as natural guardian, and seek thereby to have a new trustee appointed in the place of one to whom certain slaves had been devised in trust for such minors on the ground of the failure to act; *held*, although it did not appear from the petition that the father had given bond as guardian, that a demurrer on the ground that no guardian had been appointed according to law was improperly sustained.

2. Nor would such a petition be multifarious for the reason that, in addition to the appointment of a new trustee, it also prayed that certain of the parties defendant, who were charged therein with having wrongfully appropriated the hire and services of such slaves, might be ordered to account to the new trustee when appointed.

*Appeal from Chariton Circuit Court.*

Demurrer to a petition. Plaintiffs, minor children of one Tabitha A. Temple, deceased, and grand-children of one Angelina Price, instituted suit by their father and natural guardian; alleging that one Elizabeth Burton had devised certain slaves to one Newton Burton in trust for the children of the said Angelina Price, of whom the mother of plaintiffs was one; that said Newton Burton failed to take upon himself the discharge of the trust; that one Alexander Price, one of the defendants, by the sufferance of the said N. Burton, the trustee, and of the executor of the will of Elizabeth Burton, took said slaves into his possession; and that he and his co-defendants or some of them

appropriated their hire and services. The plaintiffs pray that a new trustee be appointed to take charge of the said slaves ; and that defendants be required to pay over to such trustee, when appointed, the value of the hire and services of said slaves received by them, &c.

The trustee, Newton, and others, the children and grand-children of Angelina Price, were made parties. Defendants demurred to this petition, and assigned for causes of demurrer, 1st, that the plaintiffs had no legal capacity to sue, and have had no guardian appointed according to law ; 2d, that the petition does not state facts sufficient to constitute a cause of action ; and the same is multifarious in this that the plaintiffs ask the appointment of a trustee and an account, when the parties are liable to the trustee only when appointed, and can not be required to account in this action. This demurrer was sustained.

*Turner*, for appellants.

SCOTT, Judge, delivered the opinion of the court.

This suit was begun under the revised code of 1845. The first section of the act concerning guardians in that code makes the father the natural guardian of his child. The seventh section of the same act empowers all guardians and curators to prosecute and defend for the minors in all matters committed to the care of such guardians and curators respectively, without further admittance in the several courts of the state. Natural guardians have the care and custody of the education, estates and persons of their wards, they giving bond and accounting as other guardians. (Sec. 1.) The seventh section of the 2d article of the Practice Act of 1845 made the guardian or next friend of any infant who commenced or prosecuted a suit responsible for the costs thereof. Now conceding that the natural guardian should give bond before taking possession of his ward's estate not derived from himself, yet there is nothing showing that such bond had not been given. Moreover, the object of the suit is not to obtain possession by a natural guar-

dian of his ward's estate. So far from it, it seeks the appointment of a trustee who might manage it. But under our liberal practice in respect to parties, it does seem that it would have better comported with justice that the guardian should have been permitted to file a bond as guardian after the objection was taken. The defendants would have been in no worse condition than before. They already had the personal liability of the guardian, and had the guardian executed a bond for the management of his ward's estate, they would then have had nothing more.

We see no force in the objection of multifariousness. If a trustee is appointed, the present constructive trustee must account to him or some other party for the rents and profits he has received from the estate. We see no useful or just end to be obtained by another suit after this is ended. If the present acting trustee has abused his trust, why should he not be required to hand over the trust fund, together with its rents and profits, to those who may be entitled to them in one suit?

There is nothing that we can see in the objection that there is a misjoinder of parties: all the parties to the suit have a direct interest in it. The other judges concurring, the judgment is reversed, and the cause remanded.