Sheehan v. The Southern Ins. Co.

JOHN H. SHEEHAN, Respondent, v. THE SOUTHERN
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 30, and April 3
1893.

1. **Appeals**: GRANTING NEW TRIAL: STATUTE.  Motion for a new trial
was filed, and before it was heard a statute giving the right of appeal
on overruling a motion for a new trial, without waiting for final judg-
ment, took effect.  *Held*, the statute authorized an appeal on the
motion's being overruled.

2. **Insurance**: PROOFS OF LOSS: INSTRUCTIONS.  Where an instruction
declares proofs of loss defective when in fact there are no proofs, it
is error against the defendant, and plaintiff cannot complain.

3. ———: ———: EVIDENCE: COPIES.  Copies of proofs of loss cannot
be introduced simply because the defendant's agents and attorneys
present in court have not got the originals with them; plaintiff should
have given notice to produce the originals.

4. ———: ———: DEMURRER: WAIVER.  When there is no proper proof
of loss a demurrer should be sustained to plaintiff's case unless there is
a waiver, and a waiver does not result from objections to the offered
proofs if such objections are well taken, even though such objections
are considered a waiver of defects in the proofs to which they do not
specially apply.

*Appeal from the Carroll Circuit Court.*—HON. E. J.
BROADUS, Judge.

REVERSED AND REMANDED *(with directions).*

*Virgil Conkling*, for appellant.

(1) Granting new trials is no longer a matter of
judicial discretion with trial courts.  Such action is now
subject to review on appeal, in determining which the
appellate courts will employ the usual rules of appellate

procedure. Revised Statutes, 1889, sec. 2246; Amended Acts of 1891, 70; *Burke v. City of Kansas*, 34 Mo. App. 570; *Taylor v. Architect Co.*, 47 Mo. App. 258.. (2) The copies of the proofs of loss were secondary evidence, and, hence, were incompetent and inadmissible, in the absence of any effort to produce the originals. *Lewin v. Dille*, 17 Mo. 69; *Ins. Co. v. Lonergan*, 21 Mo. 46; *Carr v. Carr*, 36 Mo. 411; *Price v. Hunt*, 59 Mo. 258; *Kuhn v. Swartz*, 33 Mo. App. 610; *Harvey v. Herriman*, 39 Mo. App. 219, 379; *Lewis v. Hudmon*, 56 Ala. 186; *Ins. Co. v. Lewis*, 23 Fla. 193; 1 S. Rep. 863; *Railroad v. Walters*, 24 Kan. 504; *Nelson v. Central Co.*, 35 Minn. 408; 29 N. W. Rep. 121; *Columbus Co. v. Tillman*, 79 Ga. 607; 5 S. E. Rep. 135; *Burlington v. Whitebreast*, 66 Iowa, 292; 23 N. W. Rep. 674; *Hagan v. Ins. Co.*, 81 Iowa, 321; 46 N. W. Rep. 1114; *DeBaril v. Campoy*, 8 Atl. Rep. (Pa.) 876; 17 Phila. Rep. 383; *Ins. Co. v. Smith*, 124 U. S. 405; 31 L. Ed. 497; 1 Wharton on Evidence [2 Ed.] sec. 152; Rice on Evidence, secs. 95, 96, 103, 106, 108; Greenleaf on Evidence [14 Ed.] secs. 50, 82, 87, 560; 2 Phillips on Evidence [10 Ed.] 519, 525, 526. Such being the case, the plaintiff could not be prejudiced by an instruction declaring them defective. *Frizelle v. Paint Co.*, 24 Mo. App. 529. (3) The proofs of loss, as shown in evidence, were clearly defective. In such case it was the province of the court to properly declare their legal effect. 2 Rice on Evidence, sec. 388, p. 1005; *Thomas v. Ins. Co.*, 47 Mo. App. 169; *Ins. Co. v. Sheppard*, 85 Ga. 751; 12 S. E. Rep. 18. (4) The proofs being defective, the question of waiver became material. This was submitted to the jury, and their finding thereon should be final. *Okey v. Ins. Co.*, 29 Mo. App. 105; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Summers v. Ins. Co.*, 45 Mo. App. 46; *Ehrlich v. Ins. Co.*, 88 Mo. 249.

*Hale & Son* and *J. W. Sebree*, for respondent.

(1) This appeal is taken from the action of the court in granting a new trial under section 2246, Revised Statutes, 1889, as amended by an act approved April 18, 1891. Acts, 1891, p. 70. This act took effect June 24, 1891, and the first question that arises is: Does this amended section apply to this case? The motion was pending at the time it took effect, and we insist that the rights of the parties are governed by the law in force at the time the motion was filed. *State ex rel. v. Hays*, 52 Mo. 578; *State ex rel. v. Ferguson*, 62 Mo. 77; *State v. Auditor*, 41 Mo. 25; *Ins. Co. v. Flynn*, 38 Mo. 483. (2) The determination of a motion for a new trial is in the discretion of the trial court, the action of which will not be interfered with unless said action was arbitrary or manifestly and clearly wrong. *Stephens v. City of Macon*, 83 Mo. 345; *Whitsett v. Ransom*, 79 Mo. 258; *Eidemiller v. Kemp*, 61 Mo. 340, and many other cases in our supreme and appellate courts which might be cited. (3) There was no error in submitting the copies of proof of loss to the jury. The originals were presumed to be in possession of the defendant; in fact, the evidence clearly shows that they had been received by the defendant. See testimony of Bull and Carroll; also letters from Carroll, adjuster. Notice to produce original was not necessary. *Cross v. Williams*, 72 Mo. 580, and cases there cited; Berryman on Insurance, p. 502, par. 261; Sanders on Insurance, p. 521, par. 7, citing 18 Ind. 352. The copies of proofs of loss were the next best evidence. (4) The proofs in this case were substantially correct. Carroll in his letters acknowledging proofs of loss states certain objections, which we have shown were not well founded. Having stated these objections alone he waives other

objections, if any existed. *Loeb v. Ins. Co.*, 99 Mo. 50.

ELLISON, J.—This action is based on a petition containing two counts, each declaring on an insurance policy issued by defendant. A trial resulted in favor of defendant. Afterwards the plaintiff filed a motion for new trial, which being sustained, defendant excepted to such action of the court, and has brought the case here under section 2246, Revised Statutes, 1889, as amended in Session Acts of 1891, page 70. This amendment permits an appeal from the order granting a new trial, without having to wait, as formerly, for final judgment. The amendment took effect in July, 1891. The trial of this case occurred before that date, and the motion for new trial was filed before that date, but such motion was heard and determined *after* the amendment took effect. Plaintiff contends that the amendment does not apply to this appeal since it was not in force when the motion for new trial was filed. We rule the point against plaintiff under the case of *Lovell v. Davis* (decided at this term) wherein the act was adjudged to be remedial, and that in giving a right of appeal, from the motion for new trial without waiting for judgment, where none had existed before, it did not come within that class of cases or that principle of fundamental law forbidding retroactive or retrospective laws. The only distinction between that case and this is, that in that case the law took effect after the institution of the suit, but before the trial; while in this case, as before stated, it took effect after the motion for new trial was filed, but before it was determined. Such distinction is without any substantial difference, and the reasoning in that case is applicable to this.

The court granted the new trial for the reason as stated of record, "because of errors in the declarations

of law given by the court to the jury, especially defendant's instructions numbers 14, 15, 16.'' Defendant at the close of plaintiff's case offered a demurrer to the evidence, which was overruled. Defendant excepted and refused to introduce any evidence, and the jury gave it a verdict on the plaintiff's case in connection with instructions for each party. The instructions named by the court as being erroneous declared the proofs of loss to be defective. The error in these instructions was a technical one, and is an error against the defendant, for in point of fact there was no proof of loss at all. Copies of the proofs of loss were, after hesitation by the court, admitted in evidence over defendant's objection, without accounting for the originals. This was manifest error. *Lewin v. Dille,* 17 Mo. 69; *Farmers' Ins. Co. v. Lonergan,* 21 Mo. 46; *Carr v. Carr,* 36 Mo. 411; *Hanover Ins. Co. v. Lewis,* 23 Fla. 193. The copies were, however, doubtless admitted because of a showing made by plaintiff at the trial that he did not have the originals, and that defendant's attorney, and two of its agents who were attending the trial as witnesses, did not have them or know where they were. This was not sufficient. It was the plaintiff's duty to have notified defendant before trial to produce the original proofs in its possession. It is not laying a proper foundation for secondary evidence to ask of the opposite party for the production of an original paper or document on the moment, which he has not at hand. One of the defendant's agents attending trial as a witness stated that he had seen the originals some time before at St. Louis; that he did not have them and could not produce them; that he had delivered them to Mr. Vandeventer who wanted to look over them. From all that appears or may be inferred from the evidence, the papers could yet be obtained from Vandeventer, or else their whereabouts ascer-

tained.   From this it will be seen that merely declaring the proofs defective was, if anything, an error against the defendant.   There being therefore no proper proof of loss in the case the defendant's demurrer to the evidence should have been sustained, unless a waiver by defendant was shown.

We are of the opinion that there was no evidence in the cause tending to prove a waiver of proofs.   The only evidence, which may reasonably be said to bear on the question, consists of letters written by the defendant's agent and introduced by plaintiff.   These letters neither deny nor admit liability.   They demand proofs of loss and reject the papers forwarded to them as proofs for certain reasons or specifications of deficiency stated in the letters.   Plaintiff contends that by specifying certain objections defendant waived all others. If we grant this, it does not help plaintiff, in the condition we find the case;   for some of the reasons given in the letters for rejecting the proofs on account of defects therein, if true, are good, under the law and the policy.   They should have been shown to be untrue by the proofs themselves, which, as has been stated, was not done.   In other words, granting that, when certain objections to proofs are specified, others not specified will be deemed to be waived; yet this is not a waiver of proof altogether, but only of certain objections which might have been made.   The objections which are made, if valid and true, will still defeat the proof.   The objections here pertained to the proofs themselves, and their introduction in evidence would have demonstrated the falsity of the objections made, if they were false.

Plaintiff then stands here without having made proofs of loss and without having shown a waiver thereof.   In consequence he has no case, and should not have been granted a new trial.   This renders unnec-

·essary the discussion of the alleged errors against plaintiff. The judgment will be reversed and the cause remanded with directions to set aside the order granting a new trial and to enter judgment for defendant on the verdict rendered. All concur.