D. B. ORMISTON, Guardian, etc., Appellant, v. C. E. TRUMBO, Administrator, etc., Respondent.

**Kansas City Court of Appeals, December 5, 1898.**

1. **Appeals:** MOTION FOR A NEW TRIAL: FINAL JUDGMENT: AMENDMENT OF STATUTE. By the amendments of 1891 and 1895 to the practice act an appeal lies from an order granting a new trial and it is not necessary that a final judgment of dismissal should be entered in the cause.

2. **Appellate Practice:** ABSTRACT: RESPONDENT'S DUTY. The appellant is only required to set forth in his abstract so much of the record as is necessary to a full understanding of all the questions he presents to the court for its decision. If such abstract is insufficient for the respondent's purposes he can supplement it by a counter abstract.

3. **Guardian and Ward:** QUALIFICATION: INTERMEDDLING WITH ESTATE. A guardian should qualify by giving the bond as required by the statute before he can lawfully intermeddle with the ward's estate by bringing suit or otherwise.

4. ———: ———: ———: RELATION. A guardian took the oath of office, accepted the trust and executed his bond on the twelfth day of April. On the twenty-seventh he instituted a suit to protect the ward's estate. On the eleventh of May he filed his bond and it was approved. *Held,* the bond took effect by relation from the day of its date and of plaintiff's appointment and the suit could not be dismissed because of the want of a bond by the guardian at the time of its institution.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED (*with directions*).

Ormiston v. Trumbo.

C. C. BIGGER and A. W. MULLINS for appellant.

(1)   The bond given by Ormiston, the plaintiff, as guardian of the person and estate of George Moarn, dated April 12, 1897, the date of his appointment, although not filed and approved until the May term of the probate court, yet took effect by relation from the day of its date.   20 Am. and Eng. Ency. of Law, pp. 726, 736 and note 6; Fox v. Life, 24 Wend. 164, 167, 168; Jackson v. McMichael, 3 Cowen, 75; Crowley v. Wallace, 12 Mo. 143; Winston v. Affalter, 49 Mo. 263; Slagel v. Murdock, 65 Mo. pp. 525, 526; Brawford v. Wolfe, 103 Mo. pp. 399–400; Hicks v. Brown, 12 Johns. 140; Gibson v. Chouteau, 13 Wall, pp. 100–101.
(2)   The statutes of this state contain like provisions with respect to giving bonds by guardians of insane persons (2 R. S. 1889, sec. 5521, p. 1318) and guardians of infants (2 R. S. 1889, sec. 5299, p. 1277), and natural guardians of infants (where the estate is not derived from the parent acting as such guardian). And such guardian who commences or prosecutes a suit is by such statute made responsible for the costs thereof.   (R. S. 1889, sec. 2004, p. 529.)   Under the practice in this state, if the person appointed guardian should institute an action before his bond is approved, but which bond is duly accepted, filed and approved by the court appointing him—or if appointed by the clerk in vacation the bond be approved by the court in term—and this is done before any question is raised as to the legal capacity of the guardian to maintain the action, the objection will be overruled.   And in some instances the courts have permitted bonds to be filed after objection is made.   Temple v. Price, 24 Mo. 288; Woerner on Guardianship, p. 120; Jones v. Steele, 36 Mo. 324, 326; Higgins v. Railroad, 36 Mo.

431; McCarty v. Rountree, 19 Mo. 345; Hunt v. Insley, 42 Pac. Rep. 709; 56 Kan. 213; Higgins v. Reed, 48 Kan. 272; 29 Pac. Rep. 389; Howbert v. Heyle, 47 Kan. 58; 27 Pac. Rep. 116; Watts v. Cook, 24 Kan. 204.

E. R. STEPHENS for respondent.

(1) The appeal purports to be taken under section 2253, Revised Statutes 1889, and a merger printed pamphlet abstract of the record is filed in lieu of the transcript of the record.   Under said section appellant is required to file a printed abstract of the entire record in the cause in the office of the clerk of the appellate court. Vaughen v. Railway, 34 Mo. App. 143, 144; The Aultman Taylor Co. v. Smith, 52 Mo. App. 354; Nolan v. Johns, 126 Mo. 167; Wesley v. Bowers, 58 Mo. App. 419, 420.   (2)   This court will not review the finding of the trial court when no abstract of the evidence is presented, and a statement what the evidence seems to prove is not sufficient; it should set out so much of the record as is necessary to a full understanding of the questions presented for appellate decision.   The pamphlet here filed by appellant presents no abstract of the record as required by section 2253, Revised Statutes 1889, and rule 15 of this court.  Hatton v. Mining Co., 40 Mo. App. 448; Calvert v. Bates, 44 Mo. App. 626, 633; Nolan v. Johns, 126 Mo. 167; In re Assignment Redding Bros., 31 Mo. App. 425, 428; Jayne v. Wine, 98 Mo. 494. (3)   The court committed no error in its order sustaining the motion for new trial, for the reason that the plaintiff failed to give bond as guardian before the commencement of this suit and had no legal capacity to sue, which is substantially based upon the same grounds alleged as the first ground of defendant's motion for new trial, which order is correct.  R. S.

1889, secs. 5521, 5279, 5299. (4) Under our statute the parent as the natural guardian has no power to dispose of the property of the minor child not derived from such parent before giving bond with security, and until he has qualified by giving bond in accordance with the statute, he has no right to sue for such property. McCarty v. Rountree, 19 Mo. 345; Sherwood v. Neal, 41 Mo. App. 416. (5) Before an appeal would lie from an order granting a new trial, a final judgment of dismissal should be entered of record in the cause. Bank v. Armstrong, 92 Mo. 270, 271, 277, 278.

GILL, J.—Plaintiff as guardian of the person and estate of George Moarn, a person of unsound mind, sued the estate of A. E. Relph, of which defendant Trumbo is administrator, for the value of several years' labor performed by Moarn on Relph's farm. Plaintiff had a verdict for $960, and, on defendant's motion, the court granted a new trial on the sole ground, as stated in the order, "that plaintiff having failed to give bond as guardian before the institution of this suit, had no legal capacity to sue." Thereupon plaintiff appealed from the order granting a new trial.

I. Before treating of the case on its merits, it seems proper to dispose of defendant's contention that the appeal ought to be dismissed. Defendant's counsel first insist that the appeal is premature, because taken before a final judgment in the cause; that, to use the language of counsel, "before an appeal would lie from an order granting a new trial, a final judgment of dismissal should be entered of record in the cause by the circuit court." Defendant's counsel has evidently based this contention on the old section of the practice act (section 2246, Revised Statutes 1889) and authorities

*APPEALS: motion for a new trial: final judgment: amendment of statute*

construing the same, and have overlooked the amendments thereto, as found in the Session Acts of 1891, page 70, and the laws of 1895, at page 91. The manifest purpose of these amendments was to permit appeals from orders granting new trials without waiting for a final judgment in the cause. The law was formerly as counsel have said, that the cause should go to final judgment before an appeal could be taken on the order sustaining a motion for new trial; but such is not the case now. Sheehan v. Southern Ins. Co., 53 Mo. App. 351.

Defendant further insists that the appeal should be dismissed because of an alleged insufficiency of the plaintiff's abstract. This point, too, must be ruled against the defendant. The abstract presents every feature of the record relating to the question we are called on to review. In sustaining the motion for new trial, the court based its action, as stated in the record, "for the reason and upon the ground alone that plaintiff, having failed to give bond as guardian before the institution of this suit, had no legal capacity to sue." In the abstract before us everything relating to this question is fully set out; it sets forth so much of the record "as is necessary to a full understanding of all the questions presented to this court for decision" (our rule 15). This is sufficient for plaintiff's appeal. He was not required to abstract the whole record, or such of it as pertains to the various other grounds as set out in the defendant's motion for a new trial—for example that the verdict was against the evidence, that there was no evidence to support the verdict, etc. The effect of the court's ruling in sustaining the motion for one of a number of reasons was to overrule the motion as to the other grounds therein set out; and we will presume this action correct until the contrary is shown. It may

APPELLATE practice: abstract: respondent's duty.

be that the court was in error in overruling the motion for a new trial on one or more of the other grounds; the presumption is, however, that the court ruled correctly, and the burden rests on the defendant, as respondent, to show such error. As to such matters the respondent becomes a party complaining of error; and if he desires the appellate court to review said rulings then said respondent must see to it that a proper abstract therefor is furnished. If the appellant's abstract is insufficient for the respondent's purpose then he (the respondent) should supplement it by a counter abstract. Bradley v. Reppell, 133 Mo. 545.

II. On April 27, 1897, plaintiff, as guardian, filed the petition in this case and a summons was issued returnable at the following June term. Before that, to wit, on April 12, 1897, plaintiff was appointed guardian of the person and estate of said George Moarn, the order directing that said guardian enter into bond to be approved by the probate court in the sum of $500. On the same day (April 12) plaintiff qualified by taking the oath as guardian and he and his sureties also made the bond required, but it was not filed and approved by the probate court until it met at its regular session, May 11, 1897. It will be seen then that when the suit was instituted (April 27, 1897) the plaintiff had been appointed guardian and had accepted the trust, but had not given bond to protect the estate of his ward. He did, however, file his bond in the probate court at its first term thereafter, and the same was approved. The plaintiff then was a duly qualified guardian at the return term of this action and before trial thereof.

The statute provides (section 5521, Revised Statutes 1889) that "every guardian of a person of unsound mind, *before entering upon the duties assigned him,*

GUARDIAN and ward: quali- fication: inter- meddling with estate. shall enter into bond to the state of Missouri in such sum and with such security as the court shall approve, conditioned" that he will properly care for the person and estate of the insane person. It would seem then, that until such guardian has so qualified by giving bond, he has no lawful right to intermeddle with the ward's estate by bringing suit or otherwise; it has been in effect so held. Sherwood v. Neal, 41 Mo. App. 416.

But plaintiff's counsel insists—and we think with much force—that, though the plaintiff did not fully qualify as guardian by filing bond before commencing this suit, yet as the appointment was made relation. before that date, the same accepted and the bond then signed though not approved till May 11, such bond took effect *by relation* from the day of its date and from the date of plaintiff's appointment. "By the doctrine of relation is meant that principle by which an act done at one time is considered by a fiction of law to have been done at some antecedent period. It is usually applied where several proceedings are essential to complete a particular transaction." Gibson v. Chouteau, 13 Wall. 92. As defined by another: "Relation is a fiction of law resorted to for the promotion of justice and for promoting the lawful intention of parties, by giving effect to acts or instruments which, without it, would be invalid." 20 Am. and Eng. Ency. Law, p. 726. This same author, we find, correctly reports the case of Fox v. Lipe (24 Wend. 164) which was where an executor was by statute ·required to give bond before executing a mortgage on the trust estate; he executed said bond but did not file it in the office of the surrogate in accordance with the provisions of the statute, until seven days after the date of the mortgage; the court held that the bond when filed took effect by relation from the day of its date.

In Temple v. Price, 24 Mo. 288, the father brought suit as the natural guardian of his infant children. On the objection that the said guardian had not entered into bond before the suit was brought as provided by statute, the court, through Judge SCOTT, uses this language: ''But under our liberal practice in respect to parties, it does seem that it would have better comported with justice that the guardian should have been permitted to file a bond as guardian after the objection was made.''

So in the case at bar, it seems unjust to force the plaintiff out of court because at the date of instituting the suit his bond for the protection of the ward had not been formally approved, though then executed and approved shortly thereafter and before defendant was called on to answer. It would be promotive of justice and carry out the intention of the parties to regard the guardian's bond which was executed April 12 but not approved till May 11, as relating back and taking effect from its date. This objection was not raised until long after the plaintiff's bond had been filed in the probate court and approved. At the date of defendant's answer (which was June 7), and of course at the trial, the plaintiff's bond as guardian was on file and properly approved. Said bond was intended to protect the interests of the ward, and whether or not it was ever given was of no consequence to defendant. But the ward was protected, for, as already stated, the bond related back to its date and to the date of the guardian's appointment.

In our opinion then the court erred in sustaining the motion for new trial. Its order to that effect will then be reversed and cause remanded with directions to enter judgment on the verdict. All concur.