IN THE MATTER OF THE ESTATE OF MARGARET LUCK ROFF, EARL FIELDS ET AL., RESPONDENTS, v. E. CHESTER LUCK, EXECUTOR, APPELLANT.—50 S. W. (2d) 156.

Kansas City Court of Appeals. May 2, 1932.

*Floyd S. Stratton* and *Henry M. Beardsley* for respondents.

*Frank Yeoman* and *Louis A. Laughlin* for appellant.

ARNOLD, J.—This is an appeal from a judgment of the circuit court affirming an order of the probate court of Jackson county, suspending the executor of an estate named in the will and appointing in his stead an administrator *pendente lite*.

The facts of record are that Margaret Luck Roff died in Kansas City, Missouri, on March 11, 1926. On March 20, 1926, a will of the deceased was offered for probate in the probate court of Jackson county at Kansas City, devising all her property, real, personal and mixed, to her stepchildren, namely, E. Chester Luck and Julia O. Pearson. The will named E. Chester Luck as executor and provided that he serve without bond. However, the record shows a bond was filed by him and approved in the sum of $9,000. An inventory of the property left by the testatrix showed personal property of the value of $8,000. The report of said executor, filed November 17, 1926, showed a balance on hand of $7,260.60. The evidence shows there was no real estate.

On February 27, 1927, an action was filed in the circuit court of Jackson county at Kansas City, by Earl Fields, Muriel Fields and Pearl Fields Carston, nephew and nieces, and Samuel L. Reynolds, a

brother of the deceased of the half-blood, to contest the validity of the will, and, upon trial of said cause, the issues were found for the contestants and defendant appealed to the Supreme Court, where the cause is still pending. On March 29, 1927, plaintiffs herein filed their petition in the probate court which, among other things, alleged an action had been filed on February 24, 1927, in the circuit court of Jackson county, to contest the validity of the will of Margaret Luck Roff, deceased, in which E. Chester Luck and Julia O. Pearson, were the only beneficiaries; and further stating that E. Chester Luck, executor, and E. Chester Luck, beneficiary under the will, were one and the same person.

On March 30, 1927, plaintiffs herein filed a petition in the probate court for the appointment of an administrator *pendente lite*. Upon the hearing of this petition on April 4, 1927, the probate court, by order, suspended the executor and appointed A. D. Scarritt administrator, *pendente lite*, and required bond of $9,000. From this order the executor appealed to the circuit court, and upon a hearing *de novo*, the order of the probate court was affirmed, and an appeal was taken to the Supreme Court. That tribunal in an opinion ruled the proceeding does not involve the construction of the constitution of the United States, nor of the State of Missouri; the title to any office under the state, or title to real estate; nor was the amount involved in excess of the sum of $7500; that the amount in question is the statutory fee or compensation to which the administrator, whose removal is sought, would be entitled upon his administration of the estate; that the value of the estate which consists entirely of personalty is $8,000; that the statute (Section 220, R. S. 1919) allows executors or administrators five per cent on personal property "as full compensation for their services." Therefore the pecuniary value of the office of executor in this proceeding is not to exceed $400, the Supreme Court is without jurisdiction and the cause is transferred to this court.

Before considering the merits of the appeal, it is necessary to dispose of a question presented in a brief filed by Julia O. Pearson, one of the devisees named in the will, but not a direct party to this action, and designated "Brief of *Amicus Curiae*" in which she directs our attention to the fact that she believes the appeal is premature and should be dismissed, for the reason, as shown by the record, the motion in arrest of judgment has never been passed upon by the trial court and is still pending.

The record shows that on the same day, and within the statutory period, motions for a new trial and in arrest of judgment were filed; that the motion for a new trial was overruled, but there is no record of any disposition of the motion in arrest. Plaintiffs, in reply to the

suggestion of the *amicus curiae,* question the right of Julia O. Pearson to enter this case *via amicus curiae,* and insist the same should not be considered. Of course, an *amicus curiae* is heard only by leave and for the assistance of the court in a case already before it. He has no control over the suit and no right to institute any proceedings therein. [Vol. 2, Enc. Pleading & Practice, 759.] The fact that Julia O. Pearson is not a party to this action would seem to qualify, rather than disqualify, her to make any suggestions that would aid the court in determining the merits of the case, and the courts, as a rule, accept such aid. However, under the facts in this case, we are unable to act favorably upon the suggestion advanced. The purport of the suggestion is that no appeal will lie until the final judgment, and there is no final judgment until the motion in arrest is overruled.

Judge LAMM, in the case of Stid v. Railroad, 211 Mo. 411, 415, 417, 109 S. W. 663, et seq., discussed at length the office of a motion in arrest, saying:

"The office of a motion in arrest is said to be to call the court's attention to error patent of record. The error must be intrinsic to the record, and not *dehors* the record, and must be matter of substance as distinguished from matter of form. One or the other of the foregoing propositions may be found sustained in one or the other of the following authorities. [Citing a number of cases.] . . . Speaking with precision, a motion in arrest is not a motion for a rehearing. If granted, it does not necessarily result in a new trial. . . . When we consider the limited and humble office of a motion in arrest in the light of the authorities cited, it can be seen to be no essential element in an appeal. It is a not infrequent practice to appeal without one. The most to be said of such motion is that, if one be not filed and passed upon by the trial court, an appellate court will not consider matter of error to which the trial court's attention could only be called by a motion in arrest. In the case at bar it is urged there could be no final judgment while the motion in arrest was pending. It is pointed out that the record entries show that while one was filed it was not passed upon until after the court below had lost jurisdiction by the appeal, and therefore it is argued, the appeal was taken from a judgment not final. [R. S. 1899, sec. 806.] [Now sec. 1018, R. S. 1929.] But we are all of the opinion this contention is without substantial merit."

. . . . . .

"We hold the judgment, with the motion pending, was a final judgment from which an appeal lies. We put our holding on the ground that it seems consonant with the good sense of the thing.

If, for instance, there had been a motion for a new trial pending it would not operate *per se* to stay the issuance of an execution. [Ex parte Craig, 130 Mo. l. c. 595.] By analogy, a motion in arrest should have had no more efficacy in that line than a motion for a new trial. A judgment that is final enough to be enforced by execution (barring a *supersedeas* bond) ought to be held a final judgment for the purpose of appeal. It is true this court had construed our code of appellate procedure to mean that the term at which the motion for a new trial is determined should be considered the judgment, or trial term for the purposes of appeal. That is a convenient rule in the administration of justice. [State v. Larew, 191 Mo. l. c. 196; Childs v. Railroad, 117 Mo. 427.] But it was also held in the Larew case that a motion in arrest fills no such office.

"An appeal being the creature of the statute, the object to be subserved being to get at the very right of the cause, statutes pertaining to procedure should not be prone to plant thorns in the path of appeal. Hence, we are of opinion that defendant should be heard on points raised by its motion for a new trial. It will be sufficient to deny it the right to be heard on questions raised by and peculiar to the motion in arrest because it does not present here a record entry overruling that motion in form. In effect, the situation is the same as if the motion had not seen the light, or was abandoned and out of the case. This is as far as we are willing to go, and it is far enough. The motion to dismiss the appeal is accordingly overruled."

This court, in the case of Wall v. Casualty Co., 39 S. W. (2d) 441, followed the rule in the Stid case. In the case of Garner v. Bridge Co., 194 S. W. 82, 84, this court held:

"Respondent claims that this appeal should be dismissed because it was taken prematurely, in that the motion in arrest of judgment had not been passed upon, although it is admitted that the motion for new trial had been sustained. We rule against the respondent on this point. [Section 2038, R. S. 1909; Ormiston v. Trumbo, 77 Mo. App. 310.]"

And so, following the ruling in the Stid case, we hold there was a final judgment from which this appeal was taken, and proceed to a determination of the case on its merits.

Only one point is raised on appeal, to-wit, "the lower court erred in appointing an administrator *pendente lite*;" that such appointment was an abuse of discretion in subjecting the estate to the costs of an administrator, *pendente lite*, under the circumstances. Proceedings in this respect are controlled by the statute. Session Laws of 1925, p. 100, repealed section 13, Revised Statutes 1919, and enacted in lieu thereof two new sections known as 13 and 14, Revised Statutes 1929. Section 13, relating to administration during minority

or in the absence of executor, and section 14, relating to administration pending a will contest. That part of section 14, applicable to the situation here presented, is as follows: "or if, after such hearing it appear that the executor named in the will has an interest adverse to any such contestant of the will, the court may, in its discretion, grant letters of administration to some disinterested person or corporation who shall give proper bond and shall take charge and administer the estate according to law under the direction of the court and account for, pay and deliver all the money and property of the estate to the executor or legal administrator when qualified."

In construing this statute it has been held the authority of the probate court to appoint an administrator *pendente lite* is not confined to contests in that court, but the court has jurisdiction to suspend an executor and appoint a temporary administrator pending a contest of the will in the circuit court. [State ex rel. Alderson v. Moehlenkamp, 133 Mo. 134, 34 S. W. 468; Lamb v. Helm, 56 Mo. 420.] Filing a suit in the circuit court to contest a will, *ipso facto*, vacates the order probating it, without a formal order of the probate court. The filing of such suit operates in the nature of an appeal from the order probating the will. [Johnson v. Brewn, 277 Mo. 302, 210 S. W. 55; Byrne v. Byrne, 289 Mo. 109, 233 S. W. 461; Wilkerson v. Hunt, 245 S. W. 615.] The filing of a will contest merely suspends the authority of the executor. [State ex rel. Barlow v. Holtkamp, 322 Mo. 258, 14 S. W. (2d) 646.] Notwithstanding a suit to contest a will, the custody of the property remains in the probate court. [Seibert v. Harden, 319 Mo. 1105, 8 S. W. (2d) 905; State ex rel. Hampe v. Ittner, 304 Mo. 135, 263 S. W. 158.] Under the statute and decisions construing the same, it is clear that in case of a will contest, the appointment of an administrator *pendente lite*, where the executor named in the will is a legatee thereunder, is discretionary with the probate court, and, where it is found this discretion has not been abused, there is no error in the judgment of the circuit court in affirming such an order. Certainly the expense of administration under the administrator *pendente lite* will be no more than would have been the case had the executor been allowed to proceed in such capacity. The activities of the latter merely are suspended, unless, or until, the will is found to be invalid.

For reasons herein expressed, the judgment is affirmed. All concur.