ESTATE OF Jessie JOHNSON,
Respondent,

v.

Jerethra POWELL, Former
Executrix, Appellant.

No. 50027.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 15, 1986.

Elbert A. Walton, St. Louis, for appellant.

Stuart R. Berkowitz, Clayton, for respondent.

DONALD L. MANFORD, Special Judge.

This is a direct appeal under § 472.160.-1(14), RSMo 1978, from a judgment which revoked appellant's letters testamentary, issued letters of administration to another party, affixed a surcharge against appellant, and approved the final settlement of a decedent's estate.

A sole point is presented which, in summary, challenges the circuit court's judgment because the court lacked jurisdiction to enter said judgment because no notice of the filing of the petition to contest a will was transmitted to the Probate Division pursuant to § 473.083.4, RSMo Supp.1984.

The facts disclosed upon the record are as follows:

Jessie Johnson, of the City of St. Louis, died on July 4, 1983, leaving an estate valued at approximately $125,000.00. At the time of his death, Mr. Johnson was a widower, childless, and without any surviving parents or siblings. His closest living relatives were in-laws.

No will was located or filed and in November of 1983, Pam Talley, a niece-in-law of decedent, filed an application for and received letters of administration in the Probate Division of the Circuit Court of the City of St. Louis.

On January 4, 1984, Ms. Jerethra Powell, unrelated to decedent, filed with the City of

St. Louis, the purported Last Will & Testament of Jessie Johnson. Based upon the filing of this will, which named Powell as the executrix and which also purported to bequest and devise the entire estate to Powell, the Probate Division revoked the letters of administration granted to Talley, issued letters testamentary to Powell, and the will was admitted to probate.

Thereafter, on February 21, 1984, Talley filed a petition in the Circuit Court of the City of St. Louis contesting the validity of the will filed by Powell. Service was had on Powell, however, no notice of the will contest, nor a copy of the petition was transmitted to the Probate Division.

Upon Powell's failure to file a responsive pleading, a default judgment was rendered against her on June 20, 1984, and on August 23, 1984, a finding, order and judgment was rendered by the circuit court invalidating the will of Jessie Johnson.

On October 24, 1984, a certified copy of said judgment was filed in the Probate Division, letters testamentary previously issued to Powell were revoked, she was ordered to file a settlement to revocation, and Talley was again appointed administratrix, de bonis non, of the estate.

Powell never filed a settlement to revocation, and following a hearing on March 15, 1985, Powell was surcharged $12,731.96.

Talley administered the estate and was eventually discharged as the personal representative.

Powell timely filed her notice of appeal, challenging the circuit court's order (a) revoking her letters testamentary, (b) issuing letters of administration to Talley, (c) surcharging her $12,731.96, and (d) approving final settlement of distribution of the assets of the estate.

■ The right to contest a will is strictly statutory and is conferred by § 473.083, RSMo Supp.1984, which states:

**473.083. Will binding, when—contest of will, when, procedure**

1. Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding. An heir, devisee, trustee or trust beneficiary under another purported will of the same decedent, and a person who has acquired, before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien, is interested in the probate of a will for purposes of this section.

2. Whenever it is shown or appears to and is found by the judge of the probate division that any person interested in the probate of a will is a minor or mentally incapacitated person, and that the filing of a contest may be to the interest of the minor or person, the court shall appoint a guardian ad litem for the minor or person, who shall file or join in the contest within the time fixed by subsection 1 of this section.

3. It is not necessary to join as parties in a will contest persons whose interests will not be affected adversely by the result thereof. Subject to the provisions of section 472.300, RSMo, persons not joined as parties in a will contest are not bound by the result thereof.

4. Upon filing of the petition the clerk of the circuit court shall immediately notify the probate division of the circuit court and transmit to it a copy of the petition within ten days after its filing.

5. Any contest of the validity of a probated will or any prayer to have probated a will which has been rejected by the judge of the probate division shall be heard before a circuit judge other than the judge of the probate division. Service of summons, petition, and subsequent pleadings thereto together with all

subsequent proceedings in such will contest proceedings shall be governed by the Missouri Rules of Civil Procedure and the provisions of The Civil Code of Missouri which are in effect.

6. In any such action the petitioner shall proceed diligently to secure and complete service of process as provided by law on all parties defendant. If service of process is not secured and completed upon all parties defendant within ninety days after the petition is filed, the petition, on motion of any defendant duly served upon the petitioner or his attorney of record, in the absence of a showing by the petitioner of good cause for failure to secure and complete service, shall be dismissed at the cost of the petitioner.

7. If a timely petition is filed, it and the answer or answers thereto shall frame the issues of intestacy or testacy or which writing or writings constitute the decedent's will. The issues shall be tried by a jury, or if no party requires a jury, by the court, and the judgment thereon shall determine the issues. The verdict of jury or the finding and judgment of the court is final, saving to the court the right of granting a new trial and to the parties the right of appeal as in other cases.

8. Any such action may be voluntarily dismissed, after the period of contest has expired, by consent of all parties not in default, at the cost of the party or parties designated, at any time prior to final judgment.

9. If the action is dismissed under the provisions of subsection 6 or 8, the judge of the probate division shall proceed with the administration of the estate in accord with his previous order admitting the will to probate or rejecting a will as if the petition had never been filed with the clerk of the circuit court.

■ The probate courts have exclusive jurisdiction over the probate or rejection of wills, and the jurisdiction of the circuit court to hear will contests is derivative.

*Danforth v. Danforth,* 663 S.W.2d 288, 293 (Mo.App.1983).

■ Appellant's claim that transmission of a copy of the petition to contest the will to the probate division is necessary to confer jurisdiction on the circuit court is not supported by case law. Although the statute requires said transmission, a failure of same does not prevent the circuit court from obtaining jurisdiction in the will contest action.

■ Early case law requires that for jurisdiction to lie with the circuit court in a will contest action (1) there must be a final judgment of the Probate Division admitting the will to probate, *Fletcher v. Ringo,* 350 Mo. 451, 164 S.W.2d 904, 906 (1942); (2) the action to contest the will must be filed in the county wherein the will was probated, *Black v. City National Bank & Trust Co. of Kansas City,* 321 S.W.2d 477 (Mo.1959), cert. denied, 360 U.S. 920, 79 S.Ct. 1439, 3 L.Ed.2d 1536 (1959); and (3) the statutory provision governing time limits on service of process must be complied with. *Foster v. Foster,* 565 S.W.2d 193, 195 (Mo.App. 1978).

■ This court finds no authority for appellant's claim and it holds, on the grounds of common sense, that the mere failure of such notice does not require a finding that the circuit court is without jurisdiction to hear the will contest action. This court finds support for its holding by analogy: The filing of a suit in the trial division of the circuit court to contest a will vacates the order probating the will, *without formal order of the court.* (Emphasis added) *See In re Roff's Estate,* 226 Mo. App. 1203, 50 S.W.2d 156, 158 (1932), and *Fletcher v. Ringo, supra.* This court sees no practical reason why failure of said notice would divest the circuit court of jurisdiction when the filing of the petition to contest, in and of itself, has the effect of vacating the order of the Probate Division.

This court finds that appellant's point is without merit and rules same against her.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.