**William M. FRICK, Respondent,**

v.

**Jan D. FRICK, Appellant.**

**STATE ex rel. William M. FRICK, Relator,**

v.

**The Hon. Walter A. MURRAY, Jr., Associate Circuit Judge, Probate Division, Respondent.**

Nos. 55604 & 55605.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

John L. Sullivan, Private Atty., St. Louis, for appellant.

Gael Davis Wood, Private Atty., Washington, for respondent.

DOWD, Presiding Judge.

This consolidated appeal challenges two separate orders; the first is a preliminary injunction order and the second is a mandamus order.

The facts are as follows: Malvin E. Frick died on January 16, 1988, leaving two sons, William M. Frick and Jan D. Frick. On March 1, 1988, an order was issued admitting to probate a will dated December 19, 1977 and a codicil dated July 7, 1980. On May 19, 1988, William Frick filed a will contest in the circuit court which only challenged decedent's codicil.

Jan and William are both devisees under the will and the codicil apparently reapportions a bequest of real estate from William to Jan.

In conjunction with the will contest, William filed a petition to remove the personal representatives [1] of the Malvin Frick estate. After a hearing, this motion was denied.

The personal representative, Jan, then scheduled a public sale of tangible personal property of the estate of Malvin Frick on June 29, 1988. William filed for a temporary restraining order which was granted. Later, after a hearing, a preliminary injunction was granted ordering Jan to refrain from holding himself out as personal representative until the disposition of the will contest. The trial judge certified the order as final and this appeal follows.

Furthermore, William sought to have a disinterested person appointed administrator "ad litem" (sic pendente lite) [2] to replace Jan pursuant to § 473.137, RSMo 1986. A hearing was held in the probate court and the probate judge determined that it was within his discretion whether to

---

1. Originally two personal representatives were named in the will and appointed. They are Owen and Jan Frick. Owen Frick withdrew as personal representative prior to this appeal. As such, the remainder of this appeal will only refer to Jan Frick as the named and appointed personal representative.

2. The proper term is administrator pendente lite and we will hereafter refer to it as such.

appoint a disinterested administrator or to retain the named personal representative and he decided to retain Jan.

William then filed a petition for a writ of mandamus in the circuit court seeking to compel the probate judge to appoint a disinterested person. This cause was argued together with the preliminary injunction hearing. The circuit court granted the writ and ordered the probate judge to appoint a disinterested person in place of Jan. Jan now appeals this order as the second order in his consolidated appeal.

Appellant first challenges the trial court's writ of mandamus order which orders the probate judge to 1) appoint a disinterested administrator pendente lite during the pendancy of the will contest and 2) not appoint Jan Frick as administrator pendente lite.

■ The resolution of this appeal requires an interpretation of § 473.137, RSMo 1986. Section 473.137 provides:

1. If the validity of a will is contested by any person who, after a hearing in the probate court, is found to be interested in the probate of the will, the probate court shall grant letters of administration to the executor named in the will, if he has no beneficial interest in the estate save the compensation allowed by law to executors, upon giving bond in such amount as the court may require.

2. If, after such hearing, it appears that the executor named in the will has an interest adverse to any such contestant of the will, the court may, in its discretion, grant letters of administration to some disinterested person or corporation, who shall give proper bond.

3. An administrator appointed pursuant to this section shall proceed with the administration of the estate until termination of the will contest, at which time he shall account to the executor or legal administrator when qualified, and, if it shall appear to the court that the decedent died possessed of real estate in the state, the court shall direct him to take charge of and manage such real estate until the termination of such will contest.

The statute is silent as to whether the authority of the executor is suspended upon the filing of a will contest. However, this court in *Estate of Johnson v. Powell*, 708 S.W.2d 783 (Mo.App.1986) held that the filing of a will contest in the circuit court vacates the order probating the will, without formal order of the court. *Id.* at 785. Thus, we conclude that the authority of the executor is suspended upon the filing of the contested action regardless of the extent to which the contest affects the will. The probate judge would then be required to appoint an administrator pendente lite and to fix a bond in such amount as the court may require.

The probate judge held a hearing pursuant to § 473.137 and found that Jan Frick had no interest adverse to that of the contestant of the will. This finding was not challenged. The probate judge then, however, failed to appoint Jan Frick as administrator pendente lite and fix a bond. Instead, the probate judge ordered Jan Frick retained as executor. This was in error because this does not qualify as a formal appointment with bond fixed as required by the statute.

■ In any event, should the probate judge have decided that Jan Frick had an interest adverse to his contestant brother William Frick it was purely within the discretion of the probate judge as to whom he may appoint as administrator pendente lite. William Frick argues that the probate judge only has discretion as to which disinterested administrator he may appoint. We, however, read § 473.137.2 as being entirely discretionary so that he may appoint an interested administrator because the statute reads "the court *may*, in its discretion, grant letters of administration to some disinterested person (emphasis added)," not *shall*, in its discretion, grant letters to some disinterested person. Thus, the mandamus order by the circuit court was in error. A court may not control the exercise of discretion by a public official where the law rests such right to exercise judgment in a discretionary manner. *State ex rel. Mo. Hwy. and Tr. Com'n v. Pruneau*, 652 S.W.2d 281, 289 (Mo.App.1983). We quash the mandamus order and remand the case to the probate court to appoint an

administrator pendente lite and to fix an appropriate bond.[3]

█ Appellant next challenges the circuit court in entering its preliminary injunctive order enjoining Jan Frick from taking any action as an administrator and specifically from conducting a scheduled public sale of assets until determination of the will contest. We agree that the preliminary injunction was proper to prevent Jan Frick from acting as administrator pendente lite without formal appointment since his authority to act as personal representative was suspended upon the filing of a will contest as discussed above. We note, however, that the time restriction in the order exceeds the authority of the circuit court. To allow the order to remain in effect until the disposition of the will contest suit would be in direct conflict with § 473.137 which mandates that the determination of who shall act as administrator pendente lite be discretionary with the *probate* judge. The circuit court cannot absent misconduct prevent an administrator pendente lite from carrying out his assigned duties. An administrator pendente lite may sell property of the estate during the pendency of a will contest action if the sale of the property is based upon an appropriate statutory ground. Since creditors' claims may and should be processed during the pendency of the action, property could be sold to pay the claims of creditors. If the administrator was in doubt as to what property should be sold, he may apply to the court for instructions in that connection. As such we amend the order to read "Jan Frick will not act or hold himself out as personal representative until formal appointment by the probate court or until disposition of the will contest suit."

Judgments in this consolidated appeal are quashed and remanded and amended.

SIMON and HAMILTON, JJ., concur.

---

**3.** Requiring an administrator pendente lite to post a bond protects all interested persons from inappropriate actions or decisions by a beneficially interested fiduciary.